Paul A. Stewart (SBN 153,467)
paul.stewart@knobbe.com
Ali S. Razai (SBN 246,922)
ali.razai@knobbe.com
Nicole R. Townes (SBN 272,342)
nicole.townes@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Nicholas A. Belair (Bar No. 295,380)
nick.belair@knobbe.com
KNOBBE, MARTENS, OLSON & BEAR, LLP
333 Bush Street, 21st Floor
San Francisco, CA 94104
Telephone: (415) 954-4114
Facsimile: (415) 954-4111

Attorneys for Plaintiff
**KNOLL, INC.**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNOLL, INC., a Delaware corporation, | Civil Action No.  5:19-cv-2238 |
| Plaintiff, | **COMPLAINT** |
| v. | **DEMAND FOR JURY TRIAL** |
| MODWAY, INC., a New York corporation, | |
| Defendant. | |

Plaintiff Knoll, Inc. ("Knoll") hereby complains of Modway, Inc. ("Defendant" or "Modway") and alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action that relate to trade dress infringement, false designation of origin, and federal unfair competition pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116(a), 1121(a), and 1125(a), as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      This Court has personal jurisdiction over Defendant because it has a continuous, systematic, and substantial presence within this judicial district, including, for example, having its west coast offices in Fontana, California, which is in this judicial district.  Further, Knoll is informed and believes and, based thereon, alleges that Defendant has been selling and offering for sale infringing products in this judicial district, including but not limited to selling infringing products directly to consumers and/or retailers in this district and selling products into the stream of commerce knowing such products would be sold in California and this district.  These acts form a substantial part of the events or omissions giving rise to Knoll's claims.

3.      Knoll is informed and believes and, based thereon, alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) because the Defendant has an established place of business within this judicial district and has committed acts of infringement in this judicial district by selling and/or offering to sell infringing products in this judicial district.

/ / /

**THE PARTIES**

4.      Plaintiff Knoll, Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1235 Water Street, East Greenville, Pennsylvania 18041.

5.      Knoll is informed and believes and, based thereon, alleges that Defendant Modway, Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 329 Wyckoff Mills Rd., Highstown, New Jersey 08520 and its west coast place of business at 15816 Santa Ana Avenue, Fontana, California 92337.

**GENERAL ALLEGATIONS**

6.      Since 1938, Knoll has pioneered a variety of innovations in the design and production of furniture for the office, home, and higher education settings. Through its efforts over the last 80 years, Knoll has become a global leader in the design and manufacture of commercial and residential furniture, accessories, and coverings. Knoll's constellation of design-driven products allows consumers to create inspired modern interiors.

7.      Knoll's design philosophy and modern perspective reflects a historical commitment to partnering with the world's leading designers and architects to create revolutionary products, which include iconic designs like the Pedestal table, the Barcelona chair, the Womb chair, and many others. Over 40 of Knoll's furniture designs are part of the permanent design collection at the Museum of Modern Art in New York City.

8.      In 1943, the famed architect and industrial designer Eero Saarinen began a long-lasting collaboration with Knoll. Among Eero Saarinen's more well-known architectural works include the Gateway Arch in St. Louis, Dulles International Airport in Washington D.C., the TWA Flight Center at New York's John F. Kennedy Airport, the CBS Building in New York City, and the Kresge Auditorium at the Massachusetts Institute of Technology.

9.     In 1956, Eero Saarinen created the Pedestal design, which, as described by Eero Saarinen, was inspired by a drop of high-viscosity liquid. The Pedestal design includes the tapered stand and base of a single-legged table as shown below (the "Pedestal Trade Dress"):



(The broken lines depicting the tabletop indicate placement of the claimed trade dress on the goods and are not part of the claimed trade dress).

10.     Examples of Knoll's products bearing the Pedestal Trade Dress are shown below:



11.   In 1957, Eero Saarinen assigned all rights, title, and interest to the Pedestal design to Knoll Associates, Inc., which is the predecessor-in-interest of Knoll.

12.   Knoll has been continuously selling products bearing the Pedestal Trade Dress for over sixty years.  Over the past fifteen years alone, Knoll has derived over $100 million in revenue from the sale of products bearing the Pedestal Trade Dress.

13.   Knoll has extensively advertised products bearing the Pedestal Trade Dress and has highlighted the distinctive silhouette of the iconic design. Over the past sixty years, Knoll has advertised products bearing the Pedestal Trade Dress and repeatedly displayed the distinctive side profile of the Pedestal Table in connection with the "Knoll" brand to remind consumers that Knoll is the exclusive source of products bearing this famous design.

14.   For decades, the design of the Pedestal Trade Dress has been featured in many books as one of the signature, iconic designs of 20th Century.

15.   *Design in America The Cranbrook Vision 1925-1950* includes the following description of the design of the Pedestal Trade Dress: "While the chairs have been justly praised, it is perhaps the line of tables which is the most pleasing. The large tables, in particular, with their composition of a floating plane on a single thin pedestal, have an elegance—if not an ethereal quality— that makes them one of the assured classics of the twentieth century."

16.   *Architectural Graphic Standards* by Ramsey and Sleeper features the design of the Pedestal Trade Dress as one of the classic furniture designs of the 20th Century.

17.   *Classic Midcentury Modern at Home* by Deborah K. Kietsch features the "timeless furnishings" of the 1940s and 1950s, and displays a Pedestal table both on its back cover and page 195.

18.   The design of the Pedestal Trade Dress is part of the permanent

collections of, or has been featured at, many renowned art museums for its distinctive, unique, path-breaking design. This includes the Museum of Modern Art in New York, the Los Angeles County Museum of Art, and the Dallas Museum of Art.

19.    As a result of Knoll's widespread use and display of the Pedestal Trade Dress, (a) the public has come to recognize and identify products bearing the Pedestal Trade Dress as emanating from Knoll, (b) the public recognizes that products bearing the Pedestal Trade Dress constitute high quality products that conform to the specifications created by Knoll, and (c) the Pedestal Trade Dress has established strong secondary meaning and extensive goodwill.

20.    The Pedestal Trade Dress is non-functional.

21.    The design features comprising the Pedestal Trade Dress are not essential to the function of the product, do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the Pedestal Trade Dress is not a competitive necessity.

## FIRST CLAIM FOR RELIEF

(Trade Dress Infringement)
(15 U.S.C. § 1125(a))

22.    Knoll repeats and re-alleges the allegations of paragraphs 1-21 of this Complaint as if set forth fully herein.

23.    This is a claim for trade dress infringement under 15 U.S.C. § 1125(a).

24.    Subsequent to Knoll's use and adoption of the Pedestal Trade Dress, and the development of secondary meaning in that trade dress, Defendant has developed, manufactured, imported, advertised, and/or sold products, including the Lippa and Drive lines of products, ("Accused Products") that use trade dress that is not only confusingly similar to the Pedestal Trade Dress, but is a slavish copy of Knoll's proprietary design.  Examples of the Accused

1  Products are shown below:





Lippa 42" Oval-Shaped Wood Top Coffee Table

Lippa 36" Round Wood Coffee Table





Lippa 42" Oval-Shaped Artifical Artificial Marble
Coffee Table

Lippa 42" Oval-Shaped Artificial Marble Coffee
Table





Lippa 48" Oval-Shaped Artificial Marble Coffee
Table

Lippa 42" Oval-Shaped Wood Top Coffee Table





Lippa 36" Wood Coffee Table

Lippa 42" Oval-Shaped Artificial Marble Coffee
Table

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Lippa 36" Round Wood Coffee Table

Drive Wood Top Coffee Table

Lippa 48" Oval-Shaped Walnut Coffee Table

Lippa 36" Wood Coffee Table

Lippa 48" Oval-Shaped Artificial Marble Coffee Table

Lippa 48" Oval-Shaped Wood Top Coffee Table

Lippa 48" Oval-Shaped Wood Top Coffee Ta

Lippa 48" Oval-Shaped Walnut Coffee Table

Lippa 42" Oval-Shaped Wood Coffee Table

Lippa 42" Oval-Shaped Wood Top Coffee Table



Lippa 42" Oval-Shaped Artificial Marble Coffee Table

Lippa 20" Marble Side Table

Lippa 20" Wood Side Table

Lippa 20" Wood Side Table

Lippa 24" Fiberglass Side Table

Lippa 47" Round Wood Top Dining Table

Lippa 60" Oval Wood Top Dining Table

Lippa 36" Round Wood Top Dining Table

Lippa 54" Round Wood Top Dining Table

Lippa 47" Round Artificial Marble Dining Table

Lippa 48" Oval Wood Top Dining Table

Lippa 78" Oval Artificial Marble Dining Table

Lippa 78" Oval Wood Top Dining Table

-8-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Lippa 60" Oval Artificial Marble Dining Table   Lippa 60" Round Artificial Marble Dining Table   Lippa 40" Round Artificial Marble Dining Table   Lippa 60" Round Wood Top Dining Table

Lippa 36" Round Artificial Marble Dining Table   Lippa 40" Round Wood Top Dining Table   Lippa 54" Round Artificial Marble Dining Table   Lippa 60" Rectangle Wood Dining Table

Lippa 48" Oval Artificial Marble Dining Table   Lippa 28" Round Wood Top Dining Table   Lippa 36" Square Wood Top Dining Table   Lippa 36" Round Artificial Marble Dining Table

Lippa 28" Round Fiberglass Dining Table   Lippa 36" Round Artificial Marble Dining Table

Lippa 47" Round Artificial Marble Dining Table   Lippa 54" Oval Artificial Marble Dining Table   Lippa 60" Oval Artificial Marble Dining Table

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Lippa 60" Round Artificial Marble Dining Table

Lippa 47" Square Wood Top Dining Table

Lippa 28" Round Artificial Marble Dining Table

Lippa 78" Oval Artificial Marble Dining Table

Lippa 40" Round Artificial Marble Dining Table

Lippa 28" Round Artificial Marble Dining Table

Lippa 60" Round Artificial Marble Dining Table

Lippa 54" Round Artificial Marble Dining Table

Lippa 47" Round Artificial Marble Dining Table

Lippa 60" Round Wood Dining Table

Lippa 60" Oval Wood Top Dining Table

Lippa 78" Oval Artificial Marble Dining Table

Lippa 54" Round Wood Dining Table

Lippa 60" Oval Wood Dining Table

Lippa 24" Square Wood Top Dining Table

Lippa 24" Square Wood Top Dining Table

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Lippa 60" Oval Walnut Dining Table

Lippa 36" Round Wood Dining Table

Drive 28" Round Wood Top Dining Table

Lippa 78" Oval Wood Dining Table

Lippa 60" Oval Artificial Marble Dining Table

Lippa 47" Round Walnut Dining Table

Lippa 47" Round Wood Dining Table

Lippa 28" Square Wood Top Dining Table

Lippa 78" Oval Wood Dining Table

Lippa 47" Round Walnut Dining Table

Lippa 47" Round Walnut Dining Table

Lippa 36" Round Walnut Dining Table

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Lippa 36" Round Wood Dining Table

Lippa 47" Square Wood Top Dining Table

Drive 78" Oval Wood Top Dining Table

Lippa 78" Oval Wood Dining Table

Lippa 47" Round Wood Dining Table

Lippa 54" Oval Artificial Marble Dining Table

Lippa 78" Oval Wood Dining Table

Lippa 54" Round Wood Dining Table

Lippa 54" Round Artificial Marble Dining Table

Lippa 36" Round Walnut Dining Table

Lippa 60" Rectangle Wood Dining Table

Drive 40" Round Wood Top Dining Table

Lippa 28" Round Artificial Marble Dining Table

Lippa 40" Round Artificial Marble Dining Table

Lippa 60" Rectangle Wood Dining Table

Drive 60" Oval Wood Top Dining Table

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Lippa 28" Round Wood Dining Table

Lippa 48" Oval Artificial Marble Dining Table

Lippa 48" Oval Walnut Dining Table

Lippa 40" Round Wood Dining Table

Lippa 48" Oval Walnut Dining Table

Lippa 48" Oval Artificial Marble Dining Table

Drive 40" Round Wood Top Dining Table

Lippa 60" Oval Walnut Dining Table

Lippa 48" Oval Wood Top Dining Table

Lippa 47" Round Artificial Marble Dining Table

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Lippa 48" Oval Wood Dining Table

Drive 48" Round Wood Top Dining Table

Lippa 28" Round Wood Dining Table

Lippa 36" Round Artificial Marble Dining Table

Lippa 60" Oval Artificial Marble Dining Table

Lippa 54" Oval Artificial Marble Dining Table

Lippa 24" Wood Dining Table

Lippa 78" Oval Artificial Marble Dining Table

Lippa 48" Oval Artificial Marble Dining Table

Lippa 54" Oval Artificial Marble Dining Table

Lippa 60" Oval Wood Top Dining Table

Lippa 36" Square Wood Top Dining Table

Lippa 36" Square Wood Top Dining Table

Lippa 40" Round Artificial Marble Dining Table

Lippa 60" Rectangle Wood Dining Table

Drive 78" Oval Wood Top Dining Table

Lippa 36" Square Wood Top Dining Table

-14-

Lippa 24" Square Wood Top Dining Table

Lippa 40" Round Wood Dining Table

Lippa 47" Square Wood Top Dining Table

Lippa 78" Oval Wood Dining Table

Drive 60" Oval Wood Top Dining Table

Lippa 24" Square Wood Top Dining Table

Lippa 28" Square Wood Top Dining Table

Lippa 28" Round Wood Top Dining Table

Lippa 60" Round Artificial Marble Dining Table

Lippa 60" Round Wood Dining Table

Lippa 40" Round Wood Dining Table

-15-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



Lippa 48" Oval Wood Dining Table    Lippa 54" Round Artificial Marble Dining Table    Lippa 28" Square Wood Top Dining Table

Lippa 47" Round Wood Dining Table    Lippa 47" Square Wood Top Dining Table

Drive 28" Round Wood Top Dining Table    Drive 48" Round Wood Top Dining Table    Drive 60" Round Wood Top Dining Table    Lippa 28" Round Artificial Marble Dining Table

Lippa 54" Round Wood Dining Table    Lippa 60" Round Wood Dining Table    Drive 47" Oval Wood Top Dining Table

-16-

1
2
3
4
5
6
7
8



Drive 47" Oval Wood Top Dining Table    Drive 60" Round Wood Top Dining Table    Lippa 28" Square Wood Top Dining Table

9
10
11
12
13
14



Lippa 36" Round Wood Dining Table

15   25.    Knoll is informed and believes and, based thereon, alleges that

16   Defendant infringed Knoll's trade dress rights with the intent to unfairly

17   compete with Knoll, to trade upon Knoll's reputation and goodwill by causing

18   confusion and mistake among customers and the public, and to deceive the

19   public into believing that Defendant's products are associated with, sponsored

20   by, originated from, or are approved by Knoll, when they are not, resulting in a

21   loss of reputation in, and mischaracterization of, Knoll's products and its brand,

22   damaging its marketability and saleability.

23   26.    Defendant's    activities    constitute    willful    and    intentional

24   infringement of Knoll's trade dress rights in total disregard of Knoll's

25   proprietary rights, and were done despite Defendant's knowledge that use of the

26   Pedestal Trade Dress was and is in direct contravention of Knoll's rights.

27   27.    Knoll is informed and believes and, based thereon, alleges that

28   Defendant has derived and received, and will continue to derive and receive,

-17-

gains, profits, and advantages from Defendant's trade dress infringement in an amount that is not presently known to Knoll.  By reason of Defendant's actions, constituting trade dress infringement, Knoll has been damaged and is entitled to monetary relief in an amount to be determined at trial.

28.     Pursuant to 15 U.S.C. § 1117, Knoll is entitled to recover (1) Defendant's profits, (2) any damages sustained by Knoll, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award Knoll its reasonable attorneys' fees for the necessity of bringing this claim.

29.     Due to Defendant's actions, constituting trade dress infringement, Knoll has suffered great and irreparable injury, for which Knoll has no adequate remedy at law.

30.     Defendant will continue to infringe Knoll's trade dress rights to the great and irreparable injury of Knoll, unless and until Defendant is enjoined by this Court.

## SECOND CLAIM FOR RELIEF

(False Designation of Origin &
Federal Unfair Competition)
(15 U.S.C. § 1125(a))

31.     Knoll repeats and re-alleges the allegations of paragraphs 1-30 of this Complaint as if set forth fully herein.

32.     This is a claim for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

33.     Defendant's use of the Pedestal Trade Dress without Knoll's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or

-18-

association of such person with another person, or as to the origin, sponsorship, or approval of its goods or commercial activities by another person in violation of 15 U.S.C. § 1125(a).

34.    Defendant's use of the Pedestal Trade Dress without Knoll's consent constitutes a false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of its goods or commercial activities in violation of 15 U.S.C. § 1125(a).

35.    Defendant has falsely designated the origin of its products as originating from Knoll and competed unfairly with Knoll.    Consumers purchasing Defendant's products after seeing Knoll's products are likely to be confused as to whether Knoll is the source of Defendant's products or whether Knoll sponsors or otherwise endorses Defendant's products.    Defendant's conduct constitutes a violation of 15 U.S.C. §1125(a).

36.    Knoll is informed and believes that Defendant's acts of false designation of origin, passing off, and unfair competition have been willful and without regard to Knoll's rights.

37.    Knoll has been damaged by Defendant's conduct in an amount to be determined at trial.

38.    Such conduct by Defendant is likely to confuse, mislead, and deceive Defendant's customers, purchasers, and members of the public as to the origin of Defendant's products or cause said persons to believe that Defendant and/or its products have been sponsored, approved, authorized, or licensed by Knoll or are in some way affiliated or connected with Knoll, all in violation of 15 U.S.C. § 1125(a), and this constitutes unfair competition with Knoll.

39.    Knoll is informed and believes and, based thereon, alleges that Defendant's actions were undertaken willfully with full knowledge of the falsity

1  of such designation of origin, passing off, and false descriptions or
2  representations.

3        40.    Knoll is informed and believes and, based thereon, alleges that
4  Defendant has derived and received, and will continue to derive and receive,
5  gains, profits, and advantages from Defendant's false designation of origin, false
6  or misleading statements, descriptions of fact, false or misleading
7  representations of fact, passing off, and unfair competition in an amount that is
8  not presently known to Knoll.  By reason of Defendant's actions, constituting
9  false designation of origin, false or misleading statements, false or misleading
10 descriptions of fact, false or misleading representations of fact, passing off, and
11 unfair competition, Knoll has been damaged and is entitled to monetary relief in
12 an amount to be determined at trial.

13       41.    Pursuant to 15 U.S.C. § 1117, Knoll is entitled to recover
14 (1) Defendant's profits, (2) any damages sustained by Knoll, and (3) the costs of
15 the action.  In assessing damages, the Court may enter judgment up to three
16 times actual damages, and in awarding profits, the Court may in its discretion
17 enter judgment for such sum as the court shall find to be just, according to the
18 circumstances of the case. The Court may also award Knoll its reasonable
19 attorneys' fees for the necessity of bringing this claim.

20       42.    Due to Defendant's actions, constituting false designation of origin,
21 false or misleading statements, false or misleading description of fact, false or
22 misleading representations of fact, passing off, and unfair competition, Knoll
23 has suffered and continues to suffer great and irreparable injury, for which Knoll
24 has no adequate remedy at law.

25       43.    Defendant will continue its false designation of origin, false or
26 misleading statements, false or misleading description of fact, false or
27 misleading representations of fact, passing off, and unfair competition, unless
28 and until Defendant is enjoined by this Court.

## **THIRD CLAIM FOR RELIEF**

(California Unfair Competition)

44.    Knoll repeats and re-alleges the allegations of paragraphs 1-43 of this Complaint as if set forth fully herein.

45.    This is a claim for unfair competition, arising under California Business & Professions Code § 17200, *et seq.* and California common law.

46.    Defendant's acts of trade dress infringement, false designation of origin, and passing off complained of herein constitute unfair competition with Knoll under the common law and statutory laws of the State of California, including California Business & Professions Code § 17200 *et seq.*

47.    Knoll is informed and believes and, based thereon, alleges that Defendant has derived and received, and will continue to derive and receive, gains, profits and advantages from Defendant's unfair competition in an amount that is not presently known to Knoll.

48.    By reason of Defendant's wrongful acts as alleged in this Complaint, Knoll has been damaged and is entitled to monetary relief in an amount to be determined at trial.

49.    By its actions, Defendant has injured and violated the rights of Knoll and has irreparably injured Knoll, and such irreparable injury will continue unless Defendant is enjoined by this Court.

50.    Defendant engaged in its acts of unfair competition in violation of the common law of California with malice, oppression, and fraud.  Accordingly, an award of punitive damages is appropriate in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Knoll prays for judgment in its favor against Defendant for the following relief:

-21-

A. That the Court find for Knoll and against Defendant on each of Knoll's claims of trade dress infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a);

B. That the Court find for Knoll and against Defendant on Knoll's claims of unfair competition under California Business & Professions Code § 17200, et seq. and California common law;

C. That the Court issue a preliminary and permanent injunction against the Defendant and its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation therewith, enjoining them from engaging in the following activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

1. manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's Accused Products or any products that are not colorably different therefrom;

2. using the Pedestal Trade Dress or any other trade dress that is confusingly similar to the Pedestal Trade Dress;

3. falsely designating the origin of Defendant's goods;

4. passing off its goods as those of Knoll;

5. unfairly competing with Knoll in any manner whatsoever; and,

6. causing a likelihood of confusion or injuries to Knoll's business reputation.

D. That an accounting be ordered to determine Defendant's profits resulting from its trade dress infringement, false designation of origin, passing off, and unfair competition, and that Knoll be awarded monetary relief in an

amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including:

      1.    all profits received by Defendant from sales and revenues of any kind made as a result of their infringing actions;

      2.    all damages sustained by Knoll as a result of Defendant's acts of trade dress infringement, false designation of origin, passing off, false advertising, and unfair competition; and,

      3.    the costs of this action;

E.    That such award to Knoll of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

F.    An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117;

G.    That, because of the exceptional nature of this case resulting from Defendant's deliberate infringing actions, this Court award to Knoll all reasonable attorneys' fees, costs, and disbursements incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

H.    That Knoll recover exemplary or punitive damages pursuant to California Civil Code § 3294;

I.    An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

J.    Such other and further relief as this Court may deem just and proper.

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 22, 2019    By: */s/ Ali S. Razai*

Paul A. Stewart
Ali S. Razai
Nicole Townes
Nicholas A. Belair

Attorneys for Plaintiff
Knoll, Inc.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiff Knoll, Inc. hereby demands a trial by jury on all issues so triable.


KNOBBE, MARTENS, OLSON & BEAR, LLP


Dated:  November 22, 2019     By: */s/ Ali S. Razai*
                                                    Paul A. Stewart
                                                    Ali S. Razai
                                                    Nicole Townes
                                                    Nicholas A. Belair

                                                    Attorneys for Plaintiff
                                                    Knoll, Inc.